IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

GWENDOLYN J. BENTON                :

    v.                             :  Civil Action No. DKC 12-1577

PRINCE GEORGE'S COMMUNITY
COLLEGE                            :

**MEMORANDUM AND ORDER**

On December 14, 2012, Defendant filed a motion to compel discovery responses from Plaintiff, seeking an order compelling Plaintiff to respond to discovery requests initially served October 5, 2012. Plaintiff has not responded to the motion to compel.

A party is obligated to respond to written discovery requests in a timely fashion and Plaintiff will be ordered to provide full and complete responses by January 14, 2013. Potential sanctions for failure to provide this discovery can include dismissal of Plaintiff's complaint, an order to pay expenses incurred by Defendant, or contempt.

Fed.R.Civ.P. 37(d) provides:

> If a party or an officer, director, or managing agent of a party or a person designated under Rule 30(b)(6) or 31(a) to testify on behalf of a party fails (1) to appear before the officer who is to take the deposition, after being served with a proper notice, or (2) to serve answers or objections to interrogatories submitted under Rule 33, after proper service of the interrogatories,

>>or (3) to serve a written response to a request for inspection submitted under Rule 34, after proper service of the request, the court in which the action is pending on motion may make such orders in regard to the failure as are just, and among others it may take any action authorized under subparagraphs (A), (B), and (C) of subdivision (b)(2) of this rule.

The possible sanctions referred to are:

>(A) An order that the matters regarding which the order was made or any other designated facts shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order;
>
>(B) An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting that party from introducing designated matters in evidence;
>
>(C) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party[.]

Furthermore, a party's failure to obey an order to provide or permit discovery can also result in dismissal of an action. *Hathcock v. Navistar Intern. Transp. Corp.*,,53 F.3d 36, 40 (4th Cir. 1995)("the express terms of Rule 37 permit a trial court to impose sanctions when 'a party fails to obey an order to provide or permit discovery.' Fed.R.Civ.P. 37(b)(2).")  The drastic sanction of dismissal may not be imposed except in the most compelling circumstances.  A court is to apply a four factor test:

Case 8:12-cv-01577-DKC Document 14 Filed 01/07/13 Page 3 of 4

> (1) whether the noncomplying party acted in bad faith; (2) the amount of prejudice his noncompliance caused his adversary, which necessarily includes an inquiry into the materiality of the evidence he failed to produce; (3) the need for deterrence of the particular sort of noncompliance; and (4) the effectiveness of less drastic sanctions. *Id.* at 503-06. [*Wilson v. Volkswagen of America, Inc.*, 561 F.2d 494, 503-06 (4th Cir. 1977), *cert. denied*, 434 U.S. 1020, 98 S.Ct. 744, 54 L.Ed.2d 768 (1978)]. Such an evaluation will insure that only the most flagrant case, where the party's noncompliance represents bad faith and callous disregard for the authority of the district court and the Rules, will result in the extreme sanction of dismissal or judgment by default. *Id.* at 504. In such cases, not only does the noncomplying party jeopardize his or her adversary's case by such indifference, but to ignore such bold challenges to the district court's power would encourage other litigants to flirt with similar misconduct. *National Hockey League*, [*v. Metropolitan Hockey Club Inc.*], 427 U.S. [639,] at 643, 96 S.Ct. at 2781; *Wilson*, 561 F.2d at 504.

*Mutual Federal Sav. and Loan Ass'n v. Richards & Associates, Inc.*, 872 F.2d 88, 92 (4th Cir. 1989). Plaintiff is forewarned that failure to comply with this order may well result in dismissal of the complaint.

Accordingly, it is this 7th day of January, 2013, by the United States District Court for the District of Maryland, ORDERED that:

1. Defendant's motion to compel (ECF No. 13) BE, and the same hereby IS, GRANTED;

2. Plaintiff is directed to provide full and complete responses to the discovery requests no later than January 14, 2013;

      3.    Plaintiff is warned that failure to provide responses may result in dismissal of her complaint;

      4.    The clerk will transmit copies of this Memorandum and Order to Plaintiff counsel for Defendant.

```
                         /s/
            DEBORAH K. CHASANOW
            United States District Judge
```